RECEIVED
USDC, CLERK, CHARLESTON, SC
2009 MAR -3 P 2: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony Joe, #268638, ) | C. A. No. 2:08-2894-PMD-RSC |
| )  )  Plaintiff,    ) )  | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Ms. Hilton, Ms. Miller; Bruce ) Oberman; Anthony J. Padula; ) Rudell Rembert; Tamara ) Ravenell; Fred Thompson; and ) NFN Dr. Wood, Psychiatrist, ) ) Defendants. ) | |

This motion for a preliminary injunction is before the undersigned United States Magistrate Judge for a report with recommendations as provided for in Title 28, United States Code, Section 636(b), and the local rules of this court.

The plaintiff herein seeks a preliminary injunction requiring his transfer from the Special Housing Unit (SHU) at Lee Correctional Institute (Lee) because it exacerbates his paranoid schizophrenia and he is not able to receive adequate mental health treatment. The Defendants respond that Lee is a designated mental health facility of the South Carolina Department of Corrections, and that the release of the plaintiff to the general population would be a security risk because he is also a member of a strategic threat group (STG).

1

The requirements for granting preliminary relief are well known. In <u>Direx Isreal, Ltd. v. Breakthrough Medical Corp</u>., 952 F.2d 802, 811 (4th Cir. 1991), the Fourth Circuit Court of Appeals outlined the precise analytical framework which courts must employ in determining whether to grant preliminary relief. First, the party requesting preliminary relief must make a "clear showing" that he will suffer irreparable harm if the court denies his request. <u>Id</u>. at 812-13. Second, if the party establishes irreparable harm, "the next step then for the court to take is to balance the likelihood of irreparable harm to the plaintiff from the failure to grant interim relief against the likelihood of harm to the defendant from the grant of such relief." <u>Direx Israel</u>, 952 F.2d at 812. Third, if the balance tips decidedly in favor of the party requesting preliminary relief, "a preliminary injunction will be granted if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful, as to make them fair ground for litigation and thus more deliberate investigation." <u>Id</u>. at 813. However, "if the balance does not tip decidedly there must be a strong probability of success on the merits." <u>Id</u>. Fourth, the court must evaluate whether the public interest favors granting preliminary relief. The award of preliminary relief is entrusted to the sound discretion of the district court. <u>Id</u>. at 811. <u>Multi-Channel TV Cable Company v. Charlottesville Quality Cable</u>

Operating Company, 22 F.3d 546, 551 (4th Cir. 1994).

Here the plaintiff has failed to meet the first of the requirements for a temporary restraining order. There is no showing of irreparable harm, and even the documents submitted by the plaintiff reveal that he continues to receive mental health treatment while in SHU. (Docket # 56 and Attachments). Specifically it is noted that he received mental health treatment at least as recently as January 2009, and is receiving individual counseling for his condition as well as drug therapy for 60 days from January 13, 2009, that is at least through the date of this order. (Docket #56 Exhibit #4).

The gist of the plaintiff's motion is to prejudge the merits of the litigation, and such is neither the purpose nor the intent of preliminary relief. Preliminary relief is designed to prevent irreparable harm. As long as the plaintiff can obtain an adequate remedy for any harm through litigation, no preliminary relief is warranted.

Accordingly, it is recommended that the motion be denied.

Respectfully Submitted,

*Robert S. Carr*

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

March 3, 2009

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).