**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Anthony Joe, #268638, )<br>)<br>        Plaintiff, )<br>)<br>v. )<br>)<br>Ms. Hilton; Ms. Miller; Bruce Oberman; )<br>Anthony J. Padula; Rudell Rembert; )<br>Tamara Ravenell; Fred Thompson; and )<br>NFN Dr. Wood, Psychiatrist, )<br>)<br>        Defendants. )<br>_____) | C.A. No. 2:08-CV-2894-PMD-RSC<br><br>**ORDER** |

This matter is before the court upon Plaintiff Anthony Joe's ("Plaintiff") Objections to the recommendation of a United States Magistrate Judge that Plaintiff's Motion for a Preliminary Injunction be denied. Having reviewed the entire record, including the Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the recommendation and fully incorporates it into this Order.

**BACKGROUND**

Plaintiff is an inmate at Lee Correctional Institution and is housed in the Special Management Unit ("SMU"), which is a unit that houses inmates that have been ordered to administrative segregation. He claims that this administrative segregation has caused him to contract "paranoid schizophrenia." Plaintiff asserts that Defendants' decision to keep him in such confinement violates the American with Disabilities Act and exhibits deliberate indifference to his serious medical needs in violation of his Eight Amendment rights because he cannot receive effective treatment in such

an environment. Therefore, Plaintiff seeks injunctive relief in the form of a transfer from his confinement at Lee Correctional Institute to a mental hospital because "medical experts testify that [individuals] with paranoid schizophrenia need the therapeutic environment of a mental health treatment facility." Defendants oppose Plaintiff's motion, and the United States Magistrate Judge recommended the court deny Plaintiff's motion because Plaintiff failed to show that he would suffer irreparable harm if his request for an injunction was denied. Plaintiff's Objections to this recommendation are before the court.

## **STANDARD OF REVIEW**

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id. Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in pleading to allege

2

facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## ANALYSIS

The grant or denial of a preliminary injunction is governed by the *Blackwelder* analysis, which has three steps. *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189 (4th Cir. 1977). First, the court must "balance the 'likelihood' of irreparable harm to the plaintiff [if the injunction is denied] against the 'likelihood' of harm to the defendant [if the injunction is granted]." *Id.* at 195. Second, the court must determine whether the plaintiff is likely to succeed on the merits. *Id.* at 196. However, if the balance in the first step is struck in favor of the plaintiff and there are grave or serious questions presented, the plaintiff need not also show likely success on the merits. *Id.* The importance of showing likelihood of success increases as the probability of irreparable harm diminishes. *Id.* at 195. The third step of the analysis is the court's determination of where the "public interest" lies with regard to the grant or denial of the preliminary injunction. *Id.* at 196–97. A preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought.

In their Response in Opposition to Plaintiff's Motion for Preliminary Injunction, Defendants provided the affidavit of Elbert Pearson, an investigator for the South Carolina Department of Corrections assigned to investigating Security Threat Groups. According to Mr. Pearson, Plaintiff has been placed in administrative segregation at Lee Correctional Institute because he has been designated a validated member of a Security Threat Group, which are groups designated a threat to the security of correctional institutions by the Director of the South Carolina Department of Corrections. (Pearson Aff. at ¶ 13.) Therefore, Defendants argue that it is not in the public interest

3

to grant Plaintiff's request for a transfer to a mental hospital because he remains in administrative segregation for security purposes. Additionally, Defendants argue that Plaintiff is not suffering from irreparable harm and offered the affidavit of Dr. Beverly Wood, the Director of Psychiatry for the South Carolina Department of Corrections, to support its assertion. Dr. Woods attests that she has personally examined Plaintiff on multiple occasions and has diagnosed him with a mental illness referred to as Intermittent Explosive Disorder, which means that Plaintiff has extreme difficulties controlling his anger. (Woods Aff. at ¶ 11.) She further attests that Plaintiff is receiving adequate care for his mental health needs despite his confinement to administrative segregation and that Plaintiff's mental illness is not the reason he is currently housed in administrative segregation at Lee Correctional Institute. Finally, Dr. Woods attested that Plaintiff is receiving the appropriate level of care for his diagnosed mental illness, (*id.* at ¶¶ 16–17), and that, in her professional medical opinion, Plaintiff's conditions of confinement did not cause or exacerbate his mental condition nor is his current housing assignment preventing him from receiving an appropriate level of care. (*Id.* at ¶¶ 20–21.)

Based on this evidence, the Magistrate Judge determined that the Plaintiff failed to show the likelihood of suffering irreparable harm, since he continues to receive mental health treatment at Lee Correctional Institute and he can obtain adequate relief for any harm alleged through litigation. (R&R at 3.) In his Objections, Plaintiff argues that he has submitted sufficient evidence to establish that the "walls in [his] cell are white and that all [he] sees when [he] looks out [his] cell is white brick walls," and this is purposefully done "in an effort to reduce visual stimulation." Plaintiff further argues that he constantly remains in total isolation and that this isolation causes him to deteriorate mentally. Therefore, Plaintiff argues that he is suffering irreparable harm as his mental

disease is worsening the longer he remains in custody in administrative segregation at Lee Correctional Institute and not in a mental hospital. After considering Plaintiff's Objections and the record of this case, the court agrees with the Magistrate Judge that Plaintiff has failed to make a showing that he would suffer any irreparable harm if the court denied his request for injunctive relief.

The evidence provided by Defendants, as well as the documents submitted by Plaintiff, show that he has received mental health treatment consisting of individual counseling and drug therapy and continues to receive appropriate treatment. Furthermore, Plaintiff remains in administrative segregation because he has been designated a validated member of a Security Threat Group and poses a threat to the security at Lee Correctional Institute. Thus, the court finds that Plaintiff has failed to show the likelihood of suffering irreparable harm by the denial of this motion, and he has failed to show that it is in the public's interest to grant his requested relief.

## CONCLUSION

Based on the foregoing, it is **ORDERED** that Plaintiff's Motion for Preliminary Injunctive Relief is **DENIED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**July 1, 2009**
**Charleston, SC**