IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Joe, #268638, | ) C.A. #2:08-2894-PMD |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| Ms. Hilton; Ms. Miller; Bruce Oberman; Anthony J. Padula; Rudell Rembert; Tamara Ravenell; Fred Thompson; and NFN Dr. Wood, Psychiatrist, | ) |
| Defendants.. | ) |

The above-captioned case is before this court upon the magistrate judge's recommendation that defendants' motion for summary judgment be granted, and that this action be dismissed. Because plaintiff is pro se, this matter was referred to the magistrate judge.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the magistrate judge is authorized to review all pretrial matters in cases filed under Title 42 United States Code, § 1983, and submit findings and recommendations to this Court.

court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  Plaintiff filed a document entitled "Objection to Report & Recommendation" on November 16, 2009.

Plaintiff's objections fail to directly address the magistrate judge's report.  Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1).  In his "objection" plaintiff merely states that he "cannot file objections because my legal box containing case citings, exhibits, etc have been placed in a green duffle bag & the Perry Police refuses to return it."  These "objections" are without merit.  Generally stated, nonspecific objections have the same effect as would a failure to object.  Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991).

A review of the plaintiff's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report is incorporated into this order.

Accordingly, this court agrees with the magistrate judge and finds that defendants' motion for summary judgment should be **GRANTED**, and all remaining motions are **MOOT**.

**FURTHER ORDERED**, for the reasons above and those articulated in the magistrate judge's report and recommendation that the judgment in this action is deemed a "strike" under 28 U.S.C. § 1915(e)(2) and (g).

---

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'"  Id. at 846.  Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

December 1, 2009
Charleston, South Carolina

**NOTICE OF RIGHT TO APPEAL**

      Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.